UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J.J. WOLF, JIMMY T. GLASS, PATRICK K. KNIGHT, DWAYNE N. BANKS, and RONALD D. LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>BRENT REINKE, et al.,<br><br>Defendants. | Case No. 1:09-cv-00632-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in ths prisoner civil rights action are the following motions: Defendants' Motion to Dismiss Andrew Wolf as a Plaintiff (Dkt. 66); Plaintiff Wolf's Motion to Consolidate Case with 1:11-cv-00225-CWD (Dkt. 80); Plaintiff Wolf's Motion to Strike Affidavit of Peggy Birch (Dkt. 85); Plaintiff Wolf's Motion to Stay Summary Judgment Proceedings re: Motion to Dismiss Andrew Wolf as a Plaintiff (Dkt. 91); Plaintiff Wolf's Motion for Leave to Conduct Discovery (Dkt. 92); and Plaintiff Wolf's Motion to Correct Clerical Error (Dkt. 94). Having reviewed the record and considered the briefing of the parties, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# DEFENDANTS' MOTION TO DISMISS ANDREW WOLF AS PLAINTIFF; PLAINTIFF'S MOTION FOR STAY AND MOTION FOR DISCOVERY

1.  **Introduction**

In the midst of this multi-plaintiff litigation seeking declaratory and injunctive relief at Idaho Correctional Center (ICC) for allegedly unconstitutional living conditions resulting from overcrowding, Plaintiff Wolf was transferred from ICC to Idaho State Correctional Institution (ISCI). As a result, Defendants filed a "Motion to Dismiss Andrew Wolf as Plaintiff," arguing that Mr. Wolf's claims were moot.

Mr. Wolf has now filed his Response and several supplements to the pending Motion to Dismiss Andrew Wolf as Plaintiff, and the other Plaintiffs have joined Mr. Wolf's Motions. (Dkt. 72, 78, 81, 83.) Defendants have filed their Reply. (Dkt. 88.)

2.  **Standard of Law**

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss a complaint or claim for lack of subject matter jurisdiction. To be justiciable, a plaintiff's claim must not have become moot during the litigation. *American Civil Liberties Union v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008). As a general rule, a prisoner's transfer or release will moot all personal claims for injunctive relief because the prisoner is no longer subject to the allegedly unconstitutional policy. *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 2**

1991).

**3.     Discussion**

The Court agrees with Defendants that, under the governing case law, Plaintiff Wolf lacks standing to pursue declaratory and injunctive relief claims at ICC because he is no longer incarcerated there. The Court finds Plaintiff's counter-arguments unpersuasive, for the reasons set forth in Defendants' briefing (other than Defendants' references to class-action status, which has already been denied).

Plaintiff argues that he should be permitted to conduct discovery into the facts and circumstances surrounding his transfer from ICC because he believes that he was transferred to thwart his ability to pursue his claims. However, even if Plaintiff were transferred for the purpose of interfering with this lawsuit rather than for legitimate reasons, the remedy would not be to order the prison to transfer Plaintiff back to ICC, because prisoner placement is a matter of security to be left to prison officials.[1] Rather, the remedy would be a claim for declaratory relief or damages. Therefore, Plaintiff's argument of retaliatory transfer is not particularly relevant to the question of mootness of the claims for declaratory and injunctive relief at ICC, but an alleged retaliatory transfer is a separate issue.

While Plaintiff will not be permitted to pursue a retaliatory transfer claim in this

---

[1] The Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (First Amendment claims).

action, because of the age of this case and the unrelatedness of a retaliation claim to the pending conditions of confinement claims, he may do so in a separate action if he believes Defendants' "inmate conflict" reason is untrue and was trumped up for the express purpose of mooting his claims.

In any event, Plaintiff Wolf has no further interest in whether the conditions of confinement at ICC are remedied; however, the remaining Plaintiffs in this action continue to have an interest because they remain housed there, and, any remedies won by them will benefit all inmates at ICC.[2] For this reason, Plaintiff's other arguments that he should be permitted to pursue the action notwithstanding his current housing assignment are rejected. Accordingly, Defendants' Motion to Dismiss Plaintiff Andrew Wolf will be granted, and Plaintiff's Motion to Stay and Motion for Discovery will be denied.

## PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF PEGGY BIRCH

Plaintiff complains that Defendants relied on the Affidavit of Peggy Birch to show that Plaintiff was transferred for a legitimate reason, but Defendants failed to attach the Exhibits to Plaintiff's copy of the Affidavit. Plaintiff requests that Birch's Affidavit be stricken.

Defendants submitted Exhibits A, B, and C as sealed exhibits for in camera review by the Court for security and inmate privacy reasons. Exhibit A is a "Safety Concern

---

[2] The only claim Mr. Wolf was asserting that other inmates are not is that bugs were falling from the ventilation system after the system had been sprayed for pests. If this is still a serious problem at the prison, then it should first be addressed through the prison grievance system by another inmate suffering from the effects of such a problem, and, if the problem is not resolved, it can be made the subject of a lawsuit.

**MEMORANDUM DECISION AND ORDER - 4**

Detail," relaying that Offender Wolf should not be housed with a particular inmate. Exhibit B is a "Safety Concern Listing," issued after the conflicting inmate was recently transferred to ICC. Exhibit C is an IDOC "Transport Order," indicating that Plaintiff Wolf was being transferred due to an "offender conflict at ICC." (Dkt. 67.)

Defendants have, as thoroughly as possible, explained the nature and content of the exhibits in their briefing, without revealing the specific data that would pose prison security and privacy issues. Plaintiff has done his best to rebut Defendants' arguments with the information to which he has access. However, Plaintiff's identification of the other inmate is inaccurate, and his reference to another staff member's comments about the transfer are too remote and vague to cast doubt on Defendants' reasons for Plaintiff's transfer.

Because it is appropriate for prison officials to file such documents in camera to balance the right of the inmate to have the information placed before the Court and the security and privacy interests inherent in prison business, and because no wrongdoing is evident from Plaintiff's responsive arguments or evidence, the Affidavit of Peggy Birch and accompanying sealed Exhibits will not be stricken.

## PLAINTIFF WOLF'S MOTION TO CONSOLIDATE

Plaintiff Wolf filed a Motion to Consolidate Case with Case No. 1:11-cv-00225-CWD. (Dkt. 80.) However, he has since voluntarily dismissed Case No. 1:11-cv-00225-CWD. Accordingly, the Motion is deemed moot. It is also moot for the reasons set forth above.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss Andrew Wolf as a Plaintiff (Dkt. 66) is GRANTED. All claims of Andrew Wolf are DISMISSED.

2. Plaintiff Wolf's Motion to Consolidate Case with 1:11-cv-00225-CWD (Dkt. 80) is DENIED as MOOT.

3. Plaintiff Wolf's Motion to Strike Affidavit of Peggy Birch (Dkt. 85) is DENIED.

4. Plaintiff Wolf's Motion to Stay Summary Judgment Proceedings re: Motion to Dismiss Andrew Wolf as a Plaintiff (Dkt. 91) is DENIED.

5. Plaintiff Wolf's Motion for Leave to Conduct Discovery (Dkt. 92) is DENIED.

6. Plaintiff Wolf's Motion to Correct Clerical Error, clarifying the jurisdictional basis for the amended complaint (Dkt. 94) is GRANTED.

**IT IS FURTHER ORDERED** that the following pretrial schedule shall govern:

1. **Answers:** Defendants who have returned the Waiver of Service of Summons shall file an answer no later than **November 28, 2011.**

2. **Disclosure of Relevant Documents:** On or before **December 16, 2011**, the parties shall provide each other with a copy of relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an in camera review of withheld documents or information.

3. **Completion of Discovery (items from other parties) and Requests for Subpoenas Duces Tecum (items from nonparties):** All discovery shall be completed on or before **March 30, 2012.** Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date. The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves. In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **February 29, 2012.** No requests for subpoenas duces tecum (items from nonparties) will be entertained after that date. Requests for subpoenas for witnesses to appear at trial need not be made at that time, but that will be addressed at a later date.

**MEMORANDUM DECISION AND ORDER - 7**

4. **Depositions**: Depositions, if any, shall be completed on or before **March 30, 2012.** If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted. Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents. The parties and counsel shall be professional and courteous to one another during the depositions. The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition. If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said. If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

5. **Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on

**MEMORANDUM DECISION AND ORDER - 8**

or before **April 30, 2012.** Responsive briefs to such motions shall be filed within thirty (30) days after service of motions. Reply briefs, if any, shall be filed within fourteen (14) days after service of responses. All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho. Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court. No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.

6. **Settlement Options**: **Because this case concerns prison conditions, rather than damages, the parties are strongly encouraged to work together to determine whether such conditions exist, and, if so, how to remedy them. If the parties wish to pursue mediation to help identify a plan to resolve these claims by investigation and agreement rather than litigation, they may contact the Court's Alternative Dispute Resolution Director, Susie Boring-Headlee, at 334-9067, or by letter to 550 West Fort Street, Boise, Idaho 83724. The parties are also encouraged to continue to pursue settlement negotiations among themselves.**

 DATED: **November 1, 2011**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 10**